**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RONALD ANTHONY BARMORE, | : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| Movant, | : : | |
| v. | : | CRIMINAL NO. 1:92-CR-11-ODE-JSA |
| | : | |
| UNITED STATES OF AMERICA, | : : | CIVIL ACTION NO. 1:13-CV-3791-ODE-JSA |
| Respondent. | | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Ronald Anthony Barmore has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 174). Movant seeks to challenge the constitutionality of his sentences, which were imposed on October 1, 1992. The Government has filed a motion to dismiss the § 2255 motion for lack of jurisdiction. (Doc. 182). For the following reasons, the undersigned recommends that the Government's motion be **GRANTED**, and that the instant § 2255 motion be dismissed for lack of jurisdiction.

I.  Procedural History

On July 17, 1992, Movant was convicted by a jury in the Northern District of Georgia of five counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), five counts of using and carrying firearms during and in

relation to a crime of violence, in violation of 18 U.S.C. § 924(c), one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d). (Doc. 65). On October 1, 1992, Movant was sentenced to 262 months of imprisonment for the armed bank robbery counts, to be served concurrently to each other, a consecutive ten years of imprisonment for the first § 924(c) conviction and twenty years for each additional § 924(c) conviction to run consecutive to each other and to all of the other sentences,[1] and a concurrent ten years of imprisonment each for the felon in possession of a firearm charge and possession of an unregistered shotgun charge. (Doc. 71). The Eleventh Circuit affirmed Movant's convictions and sentences on January 24, 1994, and the Supreme Court denied certiorari on May 16, 1994. (Docs. 84, 87).

Movant filed his first § 2255 motion to vacate his sentence on April 9, 1997, which was denied on May 26, 1998. (Docs. 95, 107). The Eleventh Circuit dismissed Movant's direct appeal of that denial on October 28, 1999, and this

---

[1] In 1992, the mandatory minimum sentence for a first § 924(c) conviction was ten years consecutive to any other sentence, and for each additional conviction was twenty years consecutive to any other sentence. *See* 18 U.S.C. § 924(c)(1) (West 1992).

2

Court denied Movant's motion for reconsideration on December 27, 1999. (Doc. 114).

Movant filed another § 2255 motion on August 31, 2001, in this Court, which was denied on October 14, 2003. (Docs. 122, 128). On April 26, 2004, Movant filed a motion to set aside judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure, which the Court dismissed on May 7, 2004, because the motion essentially sought review of the Court's previous orders denying § 2255 relief. (Docs. 131, 132). The Eleventh Circuit dismissed Movant's appeal for Movant's failure to pay the docketing and filing fee. (Doc. 141).

Movant next filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) on April 16, 2007.[2] (Doc. 142). The Court found no merit in Movant's arguments and denied his motion on February 26, 2008. (Doc. 153). The Eleventh Circuit denied *in forma pauperis* status to Movant after finding that his appeal was frivolous, and dismissed the appeal because Movant had not paid the filing fees. (Docs. 172-73).

---

[2] Under 18 U.S.C. § 3582(c), a court may reduce a defendant's sentence if the sentencing range was lowered after sentencing.

3

II.     Discussion

Movant now attempts to file his third § 2255 motion yet fifth challenge to his sentences in this Court. (Doc. 174).  Movant's newest challenge is based on *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2014), in which the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is considered an element of the crime and not a sentencing factor that must be submitted to the jury.  *Alleyne*, 133 S. Ct. at 2158.

A federal prisoner whose prior § 2255 motion was denied on the merits may not pursue relief under § 2255 again in the federal district court without first obtaining authorization from the relevant court of appeals.  *See* 28 U.S.C. §§ 2244(b), 2255(h); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999) (noting that when a prior habeas petition has been dismissed with prejudice, subsequent petitions are second or successive); *accord Campbell v. Secretary for the Dep't of Corr.*, 370 F. App'x 5, 8 n.2 (11th Cir. 2010).

Because the instant § 2255 motion is Movant's third before the Court and there is no indication that he has obtained authorization from the Eleventh Circuit to file a second or successive § 2255 motion, much less a third one, the motion

4

must be dismissed for lack of jurisdiction. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

III. Conclusion

**IT IS THEREFORE RECOMMENDED** that the Government's motion to dismiss [Doc. 182] be **GRANTED** and that the instant § 2255 motion [Doc. 174] be **DISMISSED** for lack of jurisdiction.

IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

5

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant needs to seek authorization from the Eleventh Circuit before filing the instant successive § 2255 motion. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 1st day of May, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

6